DELINE MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10653.    Promulgated April 5, 1927.

*Charles R. Kelley, Jr., C. P. A.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in the sum of $7,465.42 in income and excess profits taxes for the calendar year 1920. It is alleged that the Commissioner erred in

refusing to accept the inventory valuation claimed by the petitioner and also in denying the petitioner the right of assessment of its 1920. taxes under the provisions of sections 327 and 328 of the Revenue Act of 1918.

FINDINGS OF FACT.

The petitioner is and during the taxable year was a Colorado corporation with its principal office in Denver, and was engaged in the manufacture of paper and fancy leather boxes. At the close of the taxable year the petitioner took its inventory at cost and set up the same on its books in the sum of $62,131.75. During the month of January, 1921, the petitioner revised the closing inventory for the year 1920 and set up an alleged corrected inventory in the sum of $58,635.86, the reduction of $3,495.89 being charged on its books to the surplus account. The revised inventory purported to have been taken at market value. This reduction in inventory was based upon letters received from correspondents of the petitioner. The petitioner used in its income-tax return for the taxable year the revised inventory figure. The Commissioner upon examination of the petitioner's return and records rejected the inventory valuation returned by the petitioner and used the figure originally entered upon petitioner's books based upon cost.

During the taxable year petitioner borrowed funds from the bank to conduct its business. Loans were negotiated upon the promissory notes of the petitioner with the individual endorsements of one or more of its principal officers.

OPINION.

VAN FOSSAN: Petitioner contends that respondent erred (1) when he rejected its supplemental inventory valuation purporting to have been made at market and determined the tax upon the original inventory taken at cost, and (2) in denying to petitioner the benefits of sections 327 and 328 of the Revenue Act of 1918.

Petitioner opposes the use of its inventory taken at cost and set up on its books at the close of the taxable year upon the ground that the market at that time was unstable and fluctuating and that this inventory was intended only as a temporary or tentative inventory, pending such time as it could ascertain the true market. The revised inventory figure set up in January, 1921, by the petitioner is alleged to have been taken at the market value and purports to be based upon quotations received from the correspondents of the petitioners. There is no evidence, however, to show that the market at the close of the taxable year was unstable or rapidly changing, nor is there

any proof whatever of the market value of the merchandise at that time.

When the petitioner contends that the market is lower than cost and desires to avail itself of the right to price its inventory at the lower figure, it must establish by clear proof that it has taken its inventory at market. No such proof is adduced in this case. The inventory valuation employed by the respondent is admittedly taken at cost and was originally set up on its books by the petitioner as its closing inventory. Petitioner has failed to show wherein the respondent has erred in this particular.

With reference to the petitioner's claim for relief under sections 327 and 328 of the Act, the evidence is even more unsatisfactory. The only evidence submitted on this point is that the petitioner during the taxable year borrowed some money for the conduct of its business and that the principal officers of the petitioner personally endorsed its negotiable paper upon which the funds were advanced by the bank. There is no proof of abnormal conditions affecting the capital or income of this petitioner that would work an especial hardship upon it, so as to entitle it to have its taxes for the year 1920 computed under section 328. In the absence of such proof we can not find that the petitioner is entitled to have its taxes computed under sections 327 and 328.

*Judgment will be entered for the respondent.*